UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VERDEL FARNSWORTH,

Plaintiff,

v.

SANDRA CARTER, *et al.*,

Defendants.

Case No. C05-5223RJB

ORDER

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. A scheduling order was entered and plaintiff now asks for an extension of time to conduct discovery. (Dkt. # 6). Defendants have responded and oppose the motion. (Dkt. # 7).

## FACTS

Plaintiff avers he sent discovery requests to defendants in a timely manner but prison officials returned the discovery to him on July 22nd, 2005 because he was over his $4.00 weekly limit for indigent mail. (Dkt. # 6). Plaintiff states he is attempting to litigate at least eleven concurrent actions. Plaintiff avers the discovery requests were finally mailed out about August 8th, 2005. (Dkt. # 6). The discovery cut off order entered in this action required discovery be served thirty days before the discovery cutoff of September 2nd, 2005. (Dkt. # 5). This means the discovery should have been mailed before August 3rd, 2005. Thus, the discovery was not sent in a timely manner.

Defendants indicate plaintiff has previously sent two full sets of discovery, interrogatories and requests for production which were answered. They indicate plaintiff has had ample opportunity to

ORDER - 1

1  conduct discovery in this case and his motion should be denied. (Dkt. # 7). Defendants do not
2  address plaintiff's allegation that prison officials returned this discovery to him and that their action
3  delayed mailing of the discovery.

4                                                    DISCUSSION

5       Neither party has placed the proposed discovery requests or prior discovery requests and
6  answers before the court. Thus, the court is not in a position to consider if the requested discovery
7  is warranted. Discovery disputes are governed by Local Rule 37. While the parties have
8  communicated their positions neither party had formally complied with the requirements of the Local
9  Rule.

10      As plaintiff is incarcerated the court waives the face to face or telephonic meeting
11 requirement. The court does require the parties to confer and the party bringing a motion like the
12 one now before the court must place before the court copies of the discovery that is at issue. In this
13 case the parties may confer by letter.

14      The court **DENIES** this motion without prejudice. Plaintiff may renew his request that a third
15 round of discovery be allowed by placing before the court:
16      1.   All discovery he has requested in this action,
17      2.   The responses to his discovery,
18      3.   Documents showing the parties have conferred and attempted to resolve this dispute.
19      Plaintiff would then need to show the court why the requested discovery is needed.
20      The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for
21 defendant(s).

22
23      DATED this 6th day of September, 2005.

24                                        /S/ J. Kelley Arnold
                                          J. Kelley Arnold
25                                        United States Magistrate Judge

26
27
28 ORDER - 2