UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>        Plaintiff,<br><br>    v.<br><br>SANDRA CARTER *et al.*,<br><br>        Defendants. | Case No.  C05-5223RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 25th, 2005** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

PROCEDURAL HISTORY

      This case was removed from Clallam County Superior Court by defendants who paid the filing fee under receipt number 512996. (Dkt. # 1). A copy of the compliant was attached to the declaration of counsel, filed by the clerks office, and is properly before the court. (Dkt. # 1, declaration of McLachlan Exhibit 1). Defendants answered the complaint, (Dkt. # 2), and now move for summary judgment. (Dkt. # 9). Plaintiff has responded and filed amendments to his response. (Dkt. # 10 and 13). Defendant replied to the original response. (Dkt. # 12). By separate order the court has indicated it will consider the amendment to the response

but will not remove briefing from the court file.

## FACTUAL BACKGROUND

Plaintiff was incarcerated at the Clallam Bay Correction Center at all times relevant to this action. Plaintiff was challenging his conviction through a personal restraint petition in the Washington State Court of Appeals Division II. (Dkt. # 1, declaration of McLachlan Exhibit 1, complaint page 2). In November of 2004 his petition was denied. (Dkt. # 1, declaration of McLachlan Exhibit 1, complaint page 2).

Plaintiff alleges he tried several times between November and January to get "priority access" to the law library but his requests were denied. Plaintiff asked for and received two extensions of time to file his motion for discretionary review from the Washington State Supreme Court. (Dkt. # 1, declaration of McLachlan Exhibit 1, complaint page 2 and 3). Plaintiff did attend the law library during normal hours for approximately 28 hours between November, when his petition was denied, and January when he filed his brief with the Washington State Supreme Court. (Dkt. # 9). Plaintiff also had the ability to work on his brief in his cell. (Dkt. # 9).

Plaintiff does not mention in his complaint that he filed his brief requesting discretionary review with the Washington State Supreme Court before the second extension of time elapsed or that his motion was denied on the merits. (Dkt. # 9, Exhibit 4, Attachment A, Deposition of Farnsworth pages 12 and 13). Plaintiff contends that if he had been granted priority access to the library his briefing would have been better and his motion may have been granted. (Dkt. # 10, page 4).

He brings action against the superintendent of the facility and the grievance coordinator who denied his requests for priority access. He seek $11,000 damages plus costs and fees and what ever other relief the court deems just. (Dkt. # 1, declaration of McLachlan Exhibit 1, complaint page 4 and 5).

## DISCUSSION

A summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). "When `the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" Matsushita Elec. Industr. Co. v.

1  Zenith Radio Corp., 475 U.S. 574, 587 (1986), *quoting* First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253,
2  289 (1968).

3       A plaintiff must allege deprivation of a federally protected right in order to set forth a *prima facie*
4  case under 42 U.S.C. § 1983.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  A 42 U.S.C. § 1983
5  complaint must allege that (1) the conduct deprived a person of a right, privilege, or immunity secured by
6  the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on*
7  *other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to
8  remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350,
9  1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

10       Here, plaintiff alleges that his constitutional right to access the courts was violated because he was
11  not given priority access to the law library, but, he admits he did receive normal access to the law library.
12  Plaintiff did file a brief requesting discretionary review that was accepted by the Washington State
13  Supreme Court.

14       The United States Supreme Court has held that prisoners have a constitutional right of meaningful
15  access to the courts premised on the Due Process Clause.  Bounds v. Smith, 430 U.S. 817, 821 (1977).
16  Such access requires prison authorities to "assist inmates in the preparation and filing of meaningful legal
17  papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained
18  in the law."  Bounds, 430 U.S. at 828 (emphasis added); Storseth v. Spellman, 654 F.2d 1349, 1352 (9th
19  Cir. 1981).

20       The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the
21  law library or inadequate assistance from persons trained in the law, must allege an "actual injury" to court
22  access.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury" consists of some specific
23  instance in which an inmate was actually denied access to the courts.  Id.  Only if an actual injury is alleged
24  may plaintiff's claim survive.  Id.

25       Plaintiff does not challenge the adequacy of the library in the complaint.  Although he now attempts
26  to raise that issue in his response, the issue is not properly before the court. (Dkt. # 10).  Plaintiff has
27  suffered no actual injury.  His briefing was accepted by the Washington State Supreme Court.  His
28  argument that his briefing would have been better and his chances of success would have been greater does

REPORT AND RECOMMENDATION
Page - 3

not state a viable cause of action.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).

CONCLUSION

Plaintiff does not state a cause of action under 42 U.S.C. § 1983 for denial of access to courts where his briefing was accepted but he believes greater access to the law library would have resulted in a better brief.  This action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.  As a filing fee was paid this action does not count as a  pursuant to 28 U.S.C. 1915 (g).  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25th, 2005**, as noted in the caption.

DATED this 1st day of November, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate judge