UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. FARNSWORTH,

    Plaintiff,

v.

SANDRA CARTER, *et al.*,

    Defendants.

Case No. C05-5223RJB

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on the Report and Recommendation of Judge J. Kelley Arnold (Dkt. 16). The court has reviewed the Report and Recommendation and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Charles Farnsworth filed a civil rights complaint in Clallam County Superior Court, alleging that his rights to equal protection and meaningful access to a law library and the courts had been violated. Dkt. 1-2 at 7. The defendants removed the case to federal court on the basis of federal question jurisdiction. Dkt. 1. The defendants moved for summary judgment on both claims, arguing that Mr. Farnsworth was not denied access to the library, that he was not in a protected class or denied a fundamental right, that defendant Sandra Carter did not personally participate in the conduct allegedly depriving Mr. Farnsworth of his rights, and that both defendants are entitled to qualified immunity. Dkt. 9.

In his response, Mr. Farnsworth reiterates that even though he had access to the library, he was not granted priority access; that the amount of time during which he was permitted to access the library was insufficient to prepare a motion for discretionary review with the Washington State Supreme Court; that

ORDER
Page - 1

the law library was inadequate; and that despite being eligible and approved, he was not granted priority access in contrast to other eligible applicants. Dkt. 10.

## II. DISCUSSION

### A. ACCESS TO THE COURTS

As fully set forth in the Report and Recommendations, the plaintiff fails to demonstrate that he was denied access to the library or the courts, and the court should adopt the Report and Recommendation with respect to that claim.

### B. EQUAL PROTECTION

The plaintiff also fails to demonstrate that he was denied equal protection of the law. The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). To state an equal protection claim under 42 U.S.C. § 1983, Mr. Farnsworth must demonstrate that the defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). The disproportionate impact on an identifiable group of a "facially neutral" policy may satisfy the intent requirement only if it shows an invidious or discriminatory purpose underlying the policy. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66 (1977). Because offenders eligible for priority access to law libraries do not constitute a suspect class for equal protection purposes, a policy that purposefully treats the eligible offenders differently or has a disproportionate impact on eligible offenders need only be "rationally related to legitimate legislative goals" to pass constitutional muster. *Does 1-5 v. Chandler*, 83 F.3d 1150, 1155 (9th Cir.1996).

The plaintiff's equal protection allegation reads as follows: "Plaintiff also states that his rights to equal protection were violated when he was not given priority access, although eligible and approved, as any other eligible offender under DOC Policy Directive at Clallam Bay." Dkt. 10 at 8. Reading this allegation in the light most favorable to the plaintiff, the plaintiff has failed to allege, much less demonstrate, that he was part of an identifiable group that was intentionally discriminated against or disproportionately impacted by a facially neutral policy with a discriminatory purpose. The court should

1  therefore grant the motion for summary judgment on the plaintiff's equal protection claim.

2                                          **III. ORDER**

3         Therefore, it is hereby

4         **ORDERED** that the Report and Recommendation of Judge J. Kelley Arnold (Dkt. 16)

5  **ADOPTED**. Defendants' Motion for Summary (Dkt. 9) is **GRANTED**.

6         The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

7  party appearing *pro se* at said party's last known address.

8         DATED this 28th day of November, 2005.

                                                    Robert J. Bryan
                                                    United States District Judge